J-A10002-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.0.P. 65.37

R.S.F. : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellant
Vv.
D.A.G.
Appellee : No. 3841 EDA 2017

Appeal from the Order Entered October 30, 2017
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2011-02449

BEFORE: GANTMAN, P.J., MCLAUGHLIN, J., and RANSOM*, J.
MEMORANDUM BY GANTMAN, P.J.: FILED JUNE 22, 2018

Appellant, R.S.F. (“Father”), appeals from the order entered in the
Montgomery County Court of Common Pleas, which denied his petition to
modify custody and granted the petition of Appellee, D.A.G. (“Mother”), to
modify custody of the parties’ minor son, A.T.F.G. (“Child”) (born in 2011).
We affirm.

In its opinions, the trial court accurately set forth the relevant facts and
procedural history of this case. Therefore, we have no reason to restate them.

Father raises three issues for our review:

DID THE TRIAL COURT ERR OR ABUSE ITS DISCRETION IN
HOLDING FATHER TO A BURDEN OF PROOF BASED ON THE

1 Father’s petition to modify custody sought primary physical custody of Child
in Virginia. Mother’s petition to modify custody sought to reduce Father’s
periods of partial physical custody during the school year so not to disrupt
Child’s schooling in Pennsylvania.

* Retired Senior Judge assigned to the Superior Court.
J-A10002-18

PREPONDERANCE OF THE EVIDENCE?

DID THE TRIAL COURT ERR OR ABUSE ITS DISCRETION IN
RELYING ON PRIOR REPORTS PREPARED BY DR. GERALD
COOKE WHICH ARE NOT PART OF THE RECORD IN THIS
CASE?

DID THE TRIAL COURT ERR OR ABUSE ITS DISCRETION BY
NOT PROPERLY CONSIDERING DR. COOKE’S JULY 22, 2017
CUSTODY EVALUATION AND THE SALIENT POINTS RAISED
THEREIN, INSTEAD CHERRY-PICKING QUOTATIONS AND
FINDINGS OUT OF CONTEXT?

(Father’s Brief at 9).¢
In reviewing a child custody order:

[O]jur scope is of the broadest type and our standard is
abuse of discretion. This Court must accept findings of the
trial court that are supported by competent evidence of
record, as our role does not include making independent
factual determinations. In addition, with regard to issues of
credibility and weight of the evidence, this Court must defer
to the trial judge who presided over the proceedings and
thus viewed the witnesses first hand. However, we are not
bound by the trial court’s deductions or inferences from its
factual findings. Ultimately, the test is whether the trial
court’s conclusions are unreasonable as shown by the
evidence of record. We may reject the conclusions of the
trial court only if they involve an error of law, or are
unreasonable in light of the sustainable findings of the trial
court.

S.J.S. v. M.J.S,, 76 A.3d 541, 547-48 (Pa.Super. 2013) (internal citation
omitted). “With any child custody case, the paramount concern is the best
interests of the child. This standard requires a case-by-case assessment of

all the factors that may legitimately affect the physical, intellectual, moral and

2 For purposes of disposition, we have reordered Father’s issues.

-2-
J-A10002-18

spiritual well-being of the child.” A.D. v. M.A.B., 989 A.2d 32, 36 (Pa.Super.
2010).

When deciding whether to modify an existing custody order, the trial
court must consider all of the factors set forth at 23 Pa.C.S.A. § 5328(a).
J.R.M. v. J.E.A., 33 A.3d 647 (Pa.Super. 2011). The Child Custody Act (“Act”)
provides:

§ 5328. Factors to consider when awarding custody
(a) Factors.—In ordering any form of custody, the court
shall determine the best interest of the child by considering
all relevant factors, giving weighted consideration to those
factors which affect the safety of the child, including the
following:
(1) Which party is more likely to encourage and permit
frequent and continuing contact between the child and
another party.
(2) The present and past abuse committed by a party
or member of the party’s household, whether there is a
continued risk of harm to the child or an abused party
and which party can better provide adequate physical
safeguards and supervision of the child.
(2.1) The information set forth in section 5329.1(a)
(relating to consideration of child abuse and involvement
with protective services).

(3) The parental duties performed by each party on
behalf of the child.

(4) The need for stability and continuity in the child’s
education, family life and community life.

(5) The availability of extended family.

(6) The child’s sibling relationships.

-3-
J-A10002-18

(7) The well-reasoned preference of the child, based
on the child’s maturity and judgment.

(8) The attempts of a parent to turn the child against
the other parent, except in cases of domestic violence
where reasonable safety measures are necessary to
protect the child from harm.

(9) Which party is more likely to maintain a loving,
stable, consistent and nurturing relationship with the
child adequate for the child’s emotional needs.

(10) Which party is more likely to attend to the daily
physical, emotional, developmental, educational and
special needs of the child.

(11) The proximity of the residences of the parties.

(12) Each party’s availability to care for the child or
ability to make appropriate child-care arrangements.

(13) The level of conflict between the parties and the
willingness and ability of the parties to cooperate with
one another. A party’s effort to protect a child from
abuse by another party is not evidence of unwillingness
or inability to cooperate with that party.

(14) The history of drug or alcohol abuse of a party or
member of a party’s household.

(15) The mental and physical condition of a party or
member of a party’s household.

(16) Any other relevant factor.
23 Pa.C.S.A. § 5328(a). The amount of weight a trial court gives to any one
factor is largely within the court’s discretion. M.J.M. v. M.L.G., 63 A.3d 331,
339 (Pa.Super. 2013), appeal denied, 620 Pa. 710, 68 A.3d 909 (2013)
(explaining trial court’s purview, as finder of fact, is to determine which factors

are most salient and critical in each particular case).

-4-
J-A10002-18

Further, the trial court is not required to accept the conclusions of a
custody evaluator in a child custody case. M.A.T. v. G.S.T., 989 A.2d 11
(Pa.Super. 2010) (en banc). “It is an abuse of discretion, however, for a trial
court to dismiss as unpersuasive, and to totally discount, uncontradicted
expert testimony.” Id. at 19. Thus, the trial court must consider a custody
evaluator’s conclusions, “and if the trial court chooses not to follow the
expert’s recommendations, its independent decision must be supported by
competent evidence of record.” Id. at 20.

After a thorough review of the record, the briefs of the parties, the
applicable law, and the well-reasoned opinions of the Honorable Patricia E.
Coonahan, we conclude Father’s issues merit no relief. The trial court opinions
comprehensively discuss and properly dispose of the questions presented.
(See Custody Order and Opinion, filed October 30, 2017, at 3-11) (examining
each relevant factor under Act and concluding that continued primary physical
custody of Child with Mother is in Child’s best interest)? and (Trial Court
Opinion, filed December 19, 2017, at 7-12) (finding: (1) at outset of custody
hearing, before court heard testimony and evidence, court viewed both parties

on “equal footing”; following hearing, court thoughtfully and meticulously

3 Under the holiday schedule in the custody order, the court inadvertently
states both Mother and Father shall have custody of Child over the
Thanksgiving holiday in odd years. We direct the court to clarify the
Thanksgiving holiday schedule in an amended custody order to avoid further
litigation surrounding this issue.

-5-
J-A10002-18

analyzed testimony and evidence in light of sixteen custody factors; court
rendered custody decision in best interests of Child only after court conducted
detailed analysis of evidence and testimony in relation to custody factors;
court did not abuse its discretion in methodology used to make custody
decision;* (2) court considered Dr. Cooke’s June 22, 2017 follow-up custody
evaluation report; court also considered July 27, 2017 video deposition of Dr.
Cooke; in footnote one of custody order, court stated it also considered Dr.
Cooke’s earlier July 25, 2011 and November 4, 2015 reports because most
recent June 22, 2017 report was follow-up to those initial evaluations; court
discussed each of Dr. Cooke’s reports in its analysis of custody factor sixteen
(any other relevant factor); court spent only two paragraphs discussing Dr.
Cooke’s prior reports compared to four pages court used to discuss Dr. Cooke’s
most recent report, because most recent report was “follow-up” evaluation,

and it was necessary for court to review Dr. Cooke’s earlier reports for

4 We depart from the court’s references in its opinions to a “preponderance of
the evidence” burden of proof as erroneous. See 23 Pa.C.S.A. § 5327(a)
(stating in any action regarding custody of child between parents of child,
there shall be no presumption that custody should be awarded to particular
parent); M.A.T., supra (clarifying that in custody dispute between parents,
no one has burden of proof; no presumption may be resorted to; instead,
court must determine according to evidence in particular case what will serve
child’s best interests); J.R.M., supra (explaining in custody dispute, parents
stand on equal footing and only burden of either parent is to establish what is
in best interests of child). Notwithstanding the court’s mistaken references,
a close reading of the trial court’s opinions, in their entireties, confirms the
court did not subject Father to any burden other than to establish what was
in Child’s best interests.
J-A10002-18

purposes of clarity and completeness; court can take judicial notice of entire
docket as this information is generally known within trial court’s territorial
jurisdiction, can be accurately and readily determined without question, and
is part of record in this case;°? (3) trial court is not obligated to accept custody
evaluator’s recommendation so long as record supports court’s independent
decision; Father’s comment, that court “cherry-picked” quotes from Dr.
Cooke’s most recent report, is unprofessional; court takes very seriously its
obligation to review testimony and recommendations of custody evaluator;
court gave proper and thorough consideration to Dr. Cooke’s custody
evaluation report and deposition, and devoted several pages in its custody
order to discussion of Dr. Cooke’s recommendations; court did not “cherry-
pick” quotes; rather, court analyzed testimony and evidence as stated on
record and included specific page citations in custody order to Dr. Cooke’s
reports and deposition testimony). Accordingly, we affirm on the basis of the
trial court’s opinions.

Order affirmed.

> Contrary to Father’s assertions, Dr. Cooke’s July 25, 2011 and November 4,
2015 reports are included in the certified record.

-J-
J-A10002-18

Judgment Entered.

Joseph D. Seletyn, Es
Prothonotary

Date: 6/22/18